# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HYDRAULICS INTERNATIONAL, INC.,

        Plaintiff,

v.                                                  Case No. 20-CV-371

AMALGA COMPOSITES, INC.,

        Defendant.

## DECISION AND ORDER DENYING
## MOTION TO DISMISS

    **I.**     **Procedural History**

Plaintiff Hydraulics International, Inc. filed a complaint against defendant Amalga Composites, Inc. for breach of contract. (ECF No. 1.) The case was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). (ECF No. 8). The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). And venue is proper in this district under 18 U.S.C. § 1391(b)(1) and (2).

On April 29, 2020, Amalga moved to dismiss Hydraulics's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9.) Briefing on the motion is complete and the matter is ready for resolution.

II.     Facts

The court accepts as true the following allegations contained in the complaint. *See Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (citing *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634 (7th Cir. 2012)).

Amalga manufactures fiberglass wound spools. (ECF No. 1, ¶ 5, 6.) Over the course of seven months in 2017 and 2018 Hydraulics purchased $302,298 of spools from Amalga. (ECF No. 1, ¶ 18, 32.) Hydraulics sent Amalga purchase orders which state, "[t]he following items are applicable to this purchase order. HII Terms and Conditions." (ECF No. 1, ¶ 37.) Hydraulics's terms and conditions, which are attached to the complaint, state, "Buyer objects to all additions, exceptions, or changes to these terms whether contained in any printed form of Seller or elsewhere, unless approved by Buyer in writing." (ECF No. 1-1.) Hydraulics claims that Amalga breached their contract by delivering "defective [spools]… which did not meet any of the specifications required under its contractual obligations with Hydraulics." (ECF No. 1, ¶ 83.)

III.    Motion to Dismiss Standard

Amalga moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on the ground that "its claims are

2

time-barred." (ECF No. 10 at 1.) But untimeliness is an affirmative defense. *See Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). As such, Amalga probably should have answered the complaint and then moved for judgment on the pleadings under Rule 12(c). *See Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019) ("Affirmative defenses do not justify dismissal under Rule 12(b)(6)") (quoting *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003)); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). But courts routinely allow the shortcut Amalga has taken here. *See, e.g., Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *see also Arch Ins. Co. v. Stone Mt. Access Sys.*, No. 16 C 514, 2016 U.S. Dist. LEXIS 89080, at *6 (N.D. Ill. July 8, 2016). And ultimately, it is a distinction without a difference because "[a] Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). Thus, the question before the court is whether, based on the allegations in the complaint, it is clear that Hydraulics is not entitled to relief because its action is untimely. *See Chi. Bldg. Design, P.C.*, 770 F.3d at 614.

**IV.     Analysis**

As a preliminary matter, the court must decide which documents it may consider when ruling on Amalga's motion. As noted above, each side offered its own terms and conditions to the transaction underlying this dispute. Hydraulics attached its own terms

3

and conditions to the complaint. (ECF No. 1-1.) Therefore, the court can consider Hydraulics's terms and conditions pursuant to Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

As for Amalga's terms and conditions, in support of its motion to dismiss Amalga filed a declaration of John DeLuca, Amalga's President/COO, attached to which are Amalga's terms and conditions. (ECF No. 11-1.) In response to Amalga's motion to dismiss, Hydraulics also filed a copy of Amalga's terms and conditions. (*See, e.g.*, ECF No. 14-3; 14-1.)

A motion to dismiss a complaint under Rule 12(b)(6) or for judgment on the pleadings under Rule 12(c) generally precludes consideration of matters outside of the pleadings. *See* Fed. R. Civ. P. 12(d). Having said that, the Court of Appeals for the Seventh Circuit has held that "nothing prevents a plaintiff opposing dismissal from elaborating on the complaint or even attaching materials to an opposition brief illustrating the facts the plaintiff expects to be able to prove," provided those materials are consistent with the pleadings. *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 353-54 (7th Cir. 2017) (quoting *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992)). Because Hydraulics attached Amalga's terms and conditions to its response to Amalga's motion to dismiss (*see, e.g.*, ECF No. 14-3), the court may also consider these terms and conditions.

Next, the court must consider which state's law to apply. When federal courts obtain jurisdiction through diversity of citizenship they ordinarily apply "the substantive

4

law of the state in which the district court sits, including choice of law rules." *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012) (internal citations omitted). Neither party argues that any state law other than that of Wisconsin applies. (ECF No. 1; ECF No. 10 at 5 ("even if there might otherwise be a choice-of-law issue, in this instance, there is not, because both states have adopted UCC § 2-207").) Therefore, the court applies Wisconsin law to this controversy. *Wachovia Sec., LLC*, 674 F.3d at 751.

Getting to the merits of Amalga's motion, the first question is whether the term in Amalga's terms and conditions that required that "[a]ny action for breach of this contract must be commenced within one year after the cause of action has accrued" is binding on the purchaser, Hydraulics, whose terms and conditions contained no such limitation and which stated it "objects to all additions, exceptions, or changes to these terms whether contained in any printed form of Seller or elsewhere, unless approved by Buyer in writing."(ECF No. 1-1 at 1.) Wisconsin Statute § 402.207 is Wisconsin's codification of § 2-207 of the Uniform Commercial Code and states:

(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
    (a) the offer expressly limits acceptance to the terms of the offer;
    (b) they materially alter it; or

5

> (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of chs. 401 to 441.

Neither party argues that Hydraulics expressly assented to Amalga's additional terms and conditions. Because Amalga's acceptance was expressly made conditional on Hydraulics's assent to Amalga's additional or different terms, Amalga's acceptance of the purchase order did not operate as an acceptance of Hydraulics's offer under section 402.207(1).

Next, the court considers whether Amalga and Hydraulics formed a contract under Section 402.207(2) that included Amalga's additional terms and conditions, including the limitations period. Under subsection (2), "[t]he additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless… the offer expressly limits acceptance to the terms of the offer[.]" Wis. Stat. § 402.207(2). The terms and conditions in Hydraulics's offer state that "[b]uyer objects to all additions, exceptions, or changes to these terms[.]" (ECF No. 1-1 at 2.) Because Hydraulics's offer expressly limits acceptance to the terms of its offer, Amalga and Hydraulics do not have a contract under section 402.207(2) that includes Amalga's additional terms and conditions, including the limitations period.

6

Lastly, the court considers whether the conduct of Amalga and Hydraulics recognized the existence of a contract. Section 402.207(3) states that "[c]onduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract." Wis. Stat. § 402.207(3). Hydraulics and Amalga acted as if they had a contract insofar as Hydraulics ordered spools from Amalga, which then shipped spools to Hydraulics, who then paid for the spools. (ECF No. 1 at 3.) Thus, the conduct of the parties recognized the existence of a contract. *Dresser Indus., Inc. Waukesha Engine Div. v. Gradall Co.*, 965 F.2d 1442, 1449 (7th Cir. 1992) (finding that "conduct by both parties… recognize[d] the existence of a contract" when the buyer bought the product from the seller for three years).

When the conduct of the parties recognizes the existence of a contract, "the terms of the contract consist of the terms on which the writings agree, together with any supplementary terms incorporated under any other provisions of [the UCC]". Wis. Stat. § 402.207(3). Thus, whether the parties' contract includes the one-year limitations term in Amalga's terms and conditions depends on whether it is a "supplementary term incorporated under any other provisions of" the UCC. Wis. Stat. § 402.207(3).

Amalga asserts that the one-year limitations term is a "supplementary term" incorporated by other UCC provisions and, therefore, is one of the terms of the parties' contract. (ECF No. 15 at 9.) It argues that the parties' course of dealing incorporated the time limitation as a supplementary term because Hydraulics failed to object to Amalga's

7

terms and conditions over the course of multiple transactions. (ECF No. 15 at 10.) It also asserts that "non-material terms that come within customary limits… become part of the contract as a 'supplementary term.'" (ECF No. 15 at 9) (citing *Dresser Indus., Inc., Waukesha Engine Div.*, 965 F.2d at 1451-52.)

Hydraulics argues that Amalga "inaccurately cites *C. Itoh & Co. (America) Inc. v. Jordan International Co.*, 552 F.2d 1228, 1235-37 (7th Cir. 1977), for the proposition that a contract formed pursuant to section 2-207(3) includes terms that the parties' communications do not agree upon if those terms are not material." (ECF No. 12 at 9.) Quoting from *C. Itoh*, Hydraulics states that

> the disputed additional terms (i.e., those terms on which the writings of the parties do not agree) which are necessarily excluded from a Subsection (3) contract by the language, "terms on which the writings of the parties agree," cannot be brought back into the contract under the guise of "supplementary terms."

(*Id.* (quoting *C. Itoh*, 552 F.2d at 1237))

Fifteen years after its decision in *C. Itoh* the Seventh Circuit clarified that in *C. Itoh* it "did not directly confront the issue of whether the parties' course of performance, course of dealing, and usage of trade could be considered under § 402.207(3)." *Dresser Indus., Inc., Waukesha Engine Div.*, 965 F.2d at 1451. Now confronted with that issue, the court stated that, when interpreting § 402.207(3), supplementary terms are not limited to the standardized UCC "gap-fillers." *Id.* (interpreting Wis. Stat. § 402.207); *Fleming Cos. v. Krist Oil Co.*, 324 F. Supp. 2d 933, 944, (W.D. Wis. 2004) ("the Court of Appeals for the

8

Seventh Circuit has held that under Wisconsin law, all of the UCC's provisions should be used in discerning terms of contract under § 2-207(3)"). "The statute's reference to 'any other provisions,' therefore, necessarily encompasses those sections relating to course of performance (§ 402.208) and course of dealing and usage of trade (§ 401.205)." *Dresser Indus., Inc., Waukesha Engine Div.*, 965 F.2d at 1451.

Whether the time limitation in Amalga's terms and conditions was a supplementary term incorporated into the contract under § 402.207(3) is not a question that can be decided on the pleadings. *See Dresser Indus., Inc., Waukesha Engine Div.*, 965 F.2d at 1450 (finding the court could not determine whether a supplementary term was part of the contract at summary judgment); *Rich Prods. Corp. v. Kemutec, Inc.*, 66 F. Supp. 2d 937, 963-65, (E.D. Wis. 1999) (finding the court could not determine whether a remedy limitation was a supplementary term incorporated through trade usage at summary judgment because defendants' expert witness reports created a fact issue). The court may not resolve fact issues on a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

V. **Conclusion**

The question presented to the court is whether Hydraulics's breach of contract claim is time barred and therefore not timely. Whether the time limitation included in Amalga's invoice is part of the parties' agreement is a question of fact that the court

9

cannot resolve on a motion to dismiss. Because it is plausible that Hydraulics's complaint is timely,

**IT IS THEREFORE ORDERED** that Amalga Composite Inc.'s motion to dismiss (ECF No. 10) is **denied.**

Dated at Milwaukee, Wisconsin this 21st day of September, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge