UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HYDRAULICS INTERNATIONAL, INC.,

          Plaintiff,

   v.                                     Case No. 20-CV-371

AMALGA COMPOSITES, INC.,

          Defendant.

## ORDER

Currently pending before the court is defendant Amalga Composites, Inc.'s Motion to Seal. (ECF No. 61.) Amalga requests that Exhibits C, D, F, I, and L to the April 5, 2022 Declaration of Patrick M. Harvey (ECF No. 69) be sealed. (ECF No. 61 at 1.)

"[I]t is beyond dispute that most documents filed in court are presumptively open to the public." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). "This presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) (quoting *Press-Enter. Co. v. Superior Ct. of California*, 464 U.S. 501, 510 (1984)).

Amalga explains that its motion "is supported by the Court's April 8, 2021 Protective Order." (ECF No. 61 at 1.) The documents that it wants sealed are documents that "contain information that the parties have marked 'Confidential' pursuant to the April 8, 2021 Order." (*Id.*) To the extent that Amalga understands this court's General Local Rule 79(d) as suggesting that a party's designation of material as confidential is sufficient reason to support sealing the document, it misreads the rule. The requirement that material designated as "confidential" or otherwise subject to a protective order must be initially filed under seal is to maintain the status quo until the court can decide whether the information must be withheld from public view. The fact that a party designates material as confidential and the other party does not object to it being withheld from the public view is not, by itself, good cause to support sealing a document. *Starsurgical Inc. v. Aperta, LLC*, No. 10-CV-01156, 2011 U.S. Dist. LEXIS 141545, at *10 (E.D. Wis. Dec. 8, 2011) (citing *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007)).

Amalga argues that Exhibit D contains "highly sensitive and confidential information about Amalga's sales, products, and its customers." (ECF No. 61 at 1.) It has included a version of Exhibit D that it calls the "Public Version," where nearly every page of testimony is redacted in its entirety. (*See* ECF No. 69-5.) Having compared that version to the non-redacted version of Exhibit D (the "Restricted" version (ECF No. 69-6)), the court cannot conclude that it is essential for Amalga to redact entire pages of testimony.

Should Amalga want Exhibit D, or portions of it, to remain sealed, it must file a

2

Case 2:20-cv-00371-WED   Filed 04/08/22   Page 2 of 5   Document 71

renewed motion showing good cause as to why specific information cannot be made public. General Local Rule 79(d)(2) sets forth what Amalga should include in the motion. The motion "must describe the general nature of the information withheld from the public record." Gen. L. R. 79(d)(2). Moreover, "to the extent possible," the motion "should include with the public filing a version of the document or material that redacts *only* those portions of the document that are subject to the restriction/sealing request." *See id* (emphasis added). As noted above, the "Public Version" of Exhibit D that Amalga filed on April 5, 2022, redacts too much information to meet this requirement.

Likewise, Hydraulics International has not identified any consideration which would justify restricting access to the documents it wants sealed, Exhibits C, F, I, and L. *Cf. Smith v. U.S. Dist. Ct. for S. Dist. of Illinois*, 956 F.2d 647, 650 (7th Cir. 1992); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999). These documents, for example, do not appear to contain trade secrets. And even if they did, this court could seal "only the *secrets*"—not the documents in their entirety. *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (emphasis in original). "Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied." Gen. L. R. 79(d)(3). Consequently, Amalga's motion to seal is denied.

Because it was Hydraulics International that designated Exhibits C, F, I, and L as "confidential" or for "attorney's eyes only," the court finds that the onus to demonstrate

that public access to these documents ought to be restricted should shift to it. As explained above, should Hydraulics International want these documents to remain restricted, it must file a renewed motion showing good cause as to why specific information cannot be made public. Again, General Local Rule 79(d)(2) sets forth what Hydraulics International should include in the motion.

The court reminds the parties that any decision of this court on the merits will be public, even if it relies on information the parties deem confidential. *See Cnty. Materials Corp.*, 502 F.3d at 739 (quoting *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992)); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348-49 (7th Cir. 2006).

**IT IS THEREFORE ORDERED** that the defendant's motion (ECF No. 61) is **DENIED**.

Exhibit D will become public unless by April 22, 2022, Amalga files a renewed motion to restrict the documents pursuant to General Local Rule 79(d). The motion must include two versions of each document that it wants to have sealed: one that will be restricted to the parties, and a public version that redacts only the narrow details that are properly private.

Exhibits C, F, I, and L will become public unless by April 22, 2022, Hydraulics International files a renewed motion to restrict the documents pursuant to General Local Rule 79(d). The motion must include two versions of each document that it wants to have

sealed: one that will be restricted to the parties, and a public version that redacts only the narrow details that are properly private

Dated at Milwaukee, Wisconsin this 8th day of April, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge